RONALD J. THOMPSON, ESQ.
Nevada Bar No. 05524
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308
Facsimile:   702/791-1912

*Attorneys for Western Showcase Homes, Inc.*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| WESTERN SHOWCASE HOMES, INC., <br><br> Plaintiff, <br> v. <br><br> FUQUA HOMES, INC., <br><br> Defendant. | CASE NO.:   2:09-cv-02341-GMN-RJJ <br><br> **WESTERN SHOWCASE HOMES, INC.'S *EX PARTE* MOTION TO RE-CALENDAR EVIDENTIARY HEARING** <br><br> **(First Requested Extension)** |

Pursuant to LR 6-1 and 6-2, Plaintiff Western Showcase Homes, Inc. ("WSH"), by and through its attorneys of record Ronald J. Thompson, Esq. and James D. Boyle, Esq., and the law firm of Santoro, Driggs, Walch, Kearney, Holley & Thompson, hereby submits this *Ex Parte* Motion to Re-Calendar Evidentiary Hearing (the "Motion"). This Motion is based upon the pleadings and records on file herein, the Memorandum of Points and Authorities set forth below, the Affidavit of James D. Boyle, Esq. (the "Boyle Aff."), attached hereto and incorporated herein by this reference as **Exhibit A**, and any oral argument of counsel that this Court may entertain.

### I.   INTRODUCTION

WSH brings this Motion on an *ex parte* basis to request that the Court continue the evidentiary hearing presently set for April 21, 2010 to a date and time during one of the following weeks: (a) May 2-6, 2011; (b) May 9-13, 2011; or (c) May 16-20, 2011.

Pursuant to LR 7-5(a), WSH further states that it has filed this Motion on an *ex parte* basis because Defendant Fuqua Homes, Inc. ("FHI") is no longer represented by counsel pursuant to FHI's withdrawal of its Answer in this action, the withdrawal of its counsel of

record, and the entry of a default against WSH (<u>see</u> Docket Nos. 31, 33, 42). Boyle Aff., at ¶ 3. As such, it is not possible to obtain a stipulation from FHI to continue the date for the evidentiary hearing. Boyle Aff., at ¶¶ 3, 7.

## II.  SUMMARY OF ACTION

### A.  FACTUAL OVERVIEW.

On or about November 10, 2007, WSH entered into a Dealer Representative Agreement (the "Agreement") with FHI. Pursuant to the Agreement, FHI granted WSH the right to exclusive representation and sales of FHI's manufactured home products in all provinces located in Canada and any other territories FHI and WSH agreed to in writing from time to time (the "WSH Exclusive Territory"). The Agreement required FHI to pay WSH a dealer volume discount (the "Discount") at the rate of eleven percent (11%) on all orders accepted by FHI in the WSH Exclusive Territory during the term of the Agreement.

As part of its ongoing operations, and prior to and during its Agreement with FHI, WSH maintained lists of land developers ("Builders") and entered into contracts with these Builders to supply manufactured homes. WSH later learned that FHI had obtained Builder lists belonging to WSH and had been contacting WSH's Builders, offering manufactured homes at a lower price than WSH could sell them in an attempt to obtain business for FHI and in breach of the Agreement. After WSH learned of FHI's attempts to directly contact WSH's Builders, WSH notified FHI that directly contacting WSH's Builders was a material breach of the Agreement. Nevertheless, FHI did not discontinue contacting WSH's Builders, and instead several of WSH's Builders discontinued doing business with WSH.

Moreover, WSH learned that FHI had received payment for certain manufactured homes brokered by WSH for which FHI had failed to make payment to WSH pursuant to the Agreement, in the approximate amount of $45,000.00. WSH demanded that FHI make the required payments to WSH, yet FHI refused WSH's demands for payment for the manufactured homes at issue. Furthermore, WSH also learned that FHI imported additional manufactured

05724-02/723560.doc

homes into the Canada during the time period covered by the Agreement, for which FHI is obligated to compensate FHI.

### B. PROCEDURAL OVERVIEW.

WSH filed a Complaint against FHI on October 6, 2009 in the Eighth Judicial District Court, Clark County, Nevada, alleging breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and intentional interference with contractual relations. WSH subsequently granted FHI an extension to file a responsive pleading such that FHI's response was due on or before December 17, 2009. See Boyle Aff., at ¶ 4.

Instead of filing its response per its agreement with WSH, FHI filed a Notice of Removal to this Court on December 12, 2009 (Docket No. 1). Boyle Aff., at ¶ 4. On December 17, 2009 FHI filed a motion seeking to remove this action to the United States District Court for the Northern District of Texas (Docket No. 3). This Court denied FHI's motion on May 6, 2010 (Docket No. 11). FHI filed its Answer to the Complaint on June 16, 2010 (Docket No. 15).

Subsequently, the parties engaged in various discovery efforts. WSH propounded the following discovery on FHI: (1) First Interrogatories and First Requests for Production of Documents on September 1, 2010; and (2) Second Interrogatories and Second Requests for Production of Documents on September 24, 2010 (collectively, the "Propounded WSH Discovery"). Boyle Aff., at ¶ 5. FHI failed to respond to or answer or respond to any of the Propounded WSH Discovery, and as a result WSH filed a Motion to Compel on December 17, 2010 (Docket No. 25); see Boyle Aff., at ¶ 6. On December 30, 2010, FHI's Nevada-based attorneys filed a Motion to Withdraw as counsel of record for FHI (the "Motion to Withdraw") (Docket No. 29).

Magistrate Judge Robert J. Johnston conducted a hearing on January 6, 2011 with regard to both the Motion to Compel and the Motion to Withdraw. See Boyle Aff., at ¶ 7. At the hearing, counsel for FHI and FHI's designated corporate representative (J. Mark Chevalier, Esq.) stated that FHI was withdrawing its Answer and that FHI would no longer defend itself in this action. Boyle Aff., at ¶ 7. Moreover, FHI stated that it would not contest the entry of a judgment against it based upon its default for failing to Answer WSH's Complaint. See Boyle

Aff., at ¶ 7. This Court entered Minutes of the Proceeding to this effect on January 7, 2011 (Docket Nos. 31, 33).

On January 24, 2011 WSH filed a Motion to Designate Answer of Defendant Fuqua Homes, Inc. As Withdrawn and For Entry of Default; and Request for Setting of Status Conference (Docket No. 34). On March 1, 2011 this Court entered an Order granting WSH's motion to designate FHI's Answer as withdrawn and entering default against FHI, and setting an evidentiary hearing for April 21, 2011 (Docket No. 42). The Clerk had previously entered default against FHI on February 16, 2011 (Docket No. 40). See Boyle Aff., at ¶ 8.

Subsequently, WSH issued subpoenas to various importing and trucking entities which WSH believed were responsible, at least in part, for the importation of manufactured homes into Canada on behalf of FHI during the relevant time period covered by the Agreement. See Boyle Aff., at ¶ 9. WSH propounded these subpoenas due to FHI's total disregard for and failure to provide any responses to the Propounded WSH Discovery. Boyle Aff., at ¶ 9. WSH has just recently received documents in response to the subpoenas and it is presently evaluating these documents for data relevant to the evidentiary hearing. Boyle Aff., at ¶ 9. Additionally, WSH's person most knowledgeable regarding WSH's claims against FHI, and who will be testifying at the evidentiary hearing, is presently unavailable to testify on April 21, 2011 due to an out-of-state business trip, and WSH respectfully requests that the Court accommodate this unexpected calendaring conflict. See Boyle Aff., at ¶ 10.

### III.   MEMORANDUM OF POINTS AND AUTHORITIES

This Court has wide discretion to manage and set its own calendar. See, e.g., Agcaoili v. Gustafson, 844 F.2d 620, 624 (9th Cir. 1988) ("trial court has the power to control its own calendar"); Mediterranean Enterprises, Inc. v. Ssangyong, 708 F.2d 1458, 1465 (9th Cir. 1983) ("trial court possesses the inherent power to control its own docket and calendar"). Pursuant to LR 6-1 and 6-2, this Court may grant extensions or continuances to established calendar dates.

Herein, WSH requests a continuance of the evidentiary hearing presently set for April 21, 2011 to permit WSH to complete its evaluation of recently-received documentation relevant to its damages calculation, as well as to permit its person most knowledgeable to be present for the

05724-02/723560.doc

evidentiary hearing to testify on behalf of WSH. As set forth above, following entry of this Court's Order dated March 1, 2011 (Docket No. 42), WSH issued subpoenas to various importing and trucking entities which WSH believed were responsible, at least in part, for the importation of manufactured homes into Canada on behalf of FHI during the relevant time period covered by the Agreement. *See* Boyle Aff., at ¶ 9. WSH propounded these subpoenas due to FHI's total disregard for and failure to provide any responses to the Propounded WSH Discovery. Boyle Aff., at ¶ 9. WSH has just recently received documents in response to the subpoenas and it is presently evaluating these documents for data relevant to the evidentiary hearing. Boyle Aff., at ¶ 9. In addition, WSH's person most knowledgeable regarding WSH's claims against FHI is presently unavailable to testify on April 21, 2011 due to an out-of-state business trip, and WSH respectfully requests that the Court accommodate this unexpected calendaring conflict. *See* Boyle Aff., at ¶ 10.

Under the circumstances, therefore, there is no compelling reason not to move the date of the evidentiary hearing insofar as there is no prejudice to any party in doing so, particularly given that FHI has withdrawn its Answer in this action and a default was entered against FHI.

## IV.   CONCLUSION

For the foregoing reasons, WSH respectfully requests that this Court re-calendar the evidentiary hearing set for April 21, 2011 to a date and time during one of the following weeks: (a) May 2-6, 2011; (b) May 9-13, 2011; or (c) May 16-20, 2011. Pursuant to LR 6-2, WSH has set forth a [Proposed] Order below.

DATED this 18th day of April, 2011.

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

RONALD J. THOMPSON, ESQ.
Nevada Bar No. 05524
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Western Showcase Homes, Inc.*

05724-02/723560.doc

## ORDER

This matter having come before the Court on Plaintiff Western Showcase Homes, Inc.'s *Ex Parte* Motion to Re-Calendar Evidentiary Hearing, it is hereby ORDERED that the evidentiary hearing presently scheduled for April 21, 2011 at 10:00 a.m. is VACATED, and said evidentiary hearing is re-calendered for May 12, 2011, at 1:30p.m.

**IT IS SO ORDERED** this 19th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge

05724-02/723560.doc

- 6 -